UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 Case No. 15-20317
                                         HON. AVERN COHN

DAMON BURNETT (D-1), et al.,

      Defendants.

_____/

**MEMORANDUM REGARDING PRETRIAL RELEASE
OF DAMON BURNETT**

I.

This is a criminal case.  On October 2, 2015, the Court entered an order styled Order Setting Conditions of Release (Doc. 266), releasing defendant, Damon Burnett (Burnett) from pretrial detention.  The order was entered following a hearing in open court.  This Memorandum restates and extends the reasons the Court gave from the bench for revoking an order of detention.

II.

Burnett is one (1) of 24 persons who are the subject of a five (5) count Second Superseding Indictment filed on July 29, 2015, as follows:

- Count One: Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (all defendants)

- Count Two: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Burnett)

- Count Three: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) (Burnett)

- Count Four: Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Maurice Littles)

- Count Five: Conspiracy to Sponsor and Exhibit an Animal Fighting Venture, and to Buy/Sell/Deliver, Possess, Train, and Trsnport Animals for Participation in an Animal Fighting Venture, in violation of 18 U.S.C. § 371 and 7 U.S.C. § 2156(a) and (b) (six (6) defendants, not including Burnett)

Burnett has been in custody since May 15, 2015, following his arrest on a complaint (Doc. 1). Burnett was indicted on May 28, 2015, in a three (3) count indictment (Doc. 8). He consented to detention (Doc. 7).

A Pretrial Services Report dated May 18, 2015, recommended detention because Burnett posed a risk of nonappearance and posed a danger to the community.

On June 11, 2015, Burnett filed a motion styled Emergency Motion to Revoke Consent Order of Detention (Doc. 13), in which he briefly argued for release, agreeing to electronic monitoring and home confinement, arguing that these conditions would place him under strict confinement, ensuring the safety of the community.

The government responded to Burnett's motion (Doc. 15), arguing that Burnett presented a danger to the community and a risk of nonappearance, citing his prior convictions and describing the numerous firearms found in his home at the time of his arrest. The government said that Burnett needed to be detained because there were no combination of conditions that could reasonably ensure the safety of the community.

The Court held a hearing on defendant's motion on June 19, 2015, at which the Court said the following:

> . . .Whether or not you grant somebody pretrial release, and this Court has been in the past I wouldn't say generous but has more often than not released folks. This is the circumstance given the number of weapons that were present in the house and the other circumstances that I think that I'm not going to disturb the detention right now. So the motion's denied. I think you two should get together and decide whether this case is going to go to trial.
>
> * * *
>
> The sooner you do, the better off it will be for the government and for the defendant. Thank you.

The unspoken premise of the Court's declining release was encouragement to resolve what appeared to be an unexceptional criminal case short of trial.

At the June 19 hearing, the government said nothing about a superceding indictment much less that a 24 defendant superseding indictment was forthcoming.

On July 23, 3015, the government filed a First Superseding Indictment containing three (3) counts was returned on July 23, 2015, naming Burnett and Littles (Doc. 19).

As noted above, a few days later, the government filed the Second Superceding Indictment naming 24 defendants, including Burnett and Littles.

The Court held a status conference on the Second Superseding Indictment on September 25, 2015, at which Burnett asked that the denial of his release be revisited.

III.

The record in the Eastern District of Michigan is that approximately 30% of offenders are detained pretrial and approximately 70% are on release. The record also shows that very few of the 70% recidivate. See The Eastern District of Michigan: How Does It Consistently Achieve High Release Rates? 76 Fed. Probation 15 (Sept. 2012). The article is attached to United States v. Smith, 2015 WL 2084720 (E.D. Mich. May 4, 2015).

Neither the government nor Pretrial Services have analyzed the background, charges and other relevant circumstances which would go into an assessment of where Burnett falls in terms of the 30% of offenders who are detained and the 70% who are released. The Court is satisfied, based on its experience and its colloquy with Burnett at the October 5, 2015, hearing, that Burnett likely falls in with the 70% of offenders who are released pending trial. While Burnett has an extensive criminal history and had in his possession numerous firearms, he has no history of crimes of violence or use of firearms.

This case is not likely to go to trial for a very long time. At the conference on September 25, 2015, the government rejected out of hand the Court's suggestion that the drug and weapons counts be bifurcated from the dog fighting count. This suggests the path forward will not be an easy one.

Also, the government did not have available to the Court at the October 2, 2015, hearing the hierarchy of culpability chart requested at the September 25, 2015, conference.

A third consideration supporting release is that due to circumstances beyond the United States Marshal's control, Burnett is currently being detained in the Sanilac County Jail, and has been there for some time. The jail is located in Sandusky, Michigan, a 2-½ hour drive from Detroit, making it difficult for Burnett to talk to his lawyer face-to-face, transport to and from Court proceedings, as well as family visits. Other jail facilities available to the Marshal for offenders awaiting trial, while not so distant, are still a good distance from Detroit.

IV.

18 U.S.C. § 3145(b) governs review of detention orders and provides that

4

> [i]f a person is ordered detained by a magistrate judge. . .that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.  The motion shall be determined promptly.

A court may order detention of the defendant if, by clear and convincing evidence, the court finds that no set of conditions will reasonably assure the appearance of the person and the safety of the community.  See 18 U.S.C. § 3142(f). In determining whether no combination of conditions will reasonably assure the appearance of the defendant and the safety of the community, the district court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release.  See 18 U.S.C. § 3142(g).

V.

The order which set the conditions of release, a copy of which is attached, includes a multitude of restrictions on Burnett.  These restrictions satisfy the Court that under the totality of the relevant circumstances, and under the statutory criteria, Burnett on release is not a danger to the community, or a flight risk.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 7, 2015
       Detroit, Michigan

5