UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 15-20317
                                             Hon. AVERN COHN

DAMON BURNETT,

    Defendant.

_____/

## MEMORANDUM REGARDING APPEAL OF BOND ORDER[1]

The defendant was initially detained pending trial on May 18, 2015, by consent. Defendant then moved to revoke the consent on June 11, 2015. Following a hearing on June 19, 2015, the Court continued detention.

A second motion to revoke detention was filed. The Court held a hearing on October 02, 2015, following which defendant was released under specific conditions, including home confinement and a tether. The reasons for release and the history of the case are described in the Memorandum Regarding Pretrial Release of Damon Burnett (Doc. 272), filed October 07, 2015. A stay was granted to enable the government to appeal the decision. The Court, in its reasons for release, stated in part:

> "These restrictions satisfy the Court that under the totality of the relevant circumstances and under the statutory criteria, Burnett on release is not a danger to the community, or a flight risk."

The government appealed the release and moved for a stay. On October 14, 2015, the Court of Appeals denied a stay, stating in part:

> "The government argues that the stay factors weigh in favor of granting a stay because 'the public interest in protection from a presumptively dangerous defendant, who is required

---

[1]This is a revision of the Court's bench remarks of February 1, 2016.

> under the Bail Reform Act to be detained, absent strong countervailing evidence, should outweigh the defendant's liberty interest in remaining free for the short period of time that will be necessary to decide this appeal.' At this stage of the proceedings, however, the government has not demonstrated that the district court's factual findings were clearly erroneous. We review *de novo* the ultimate question of whether Burnett should be detained, but the district court has: (1) greater familiarity with the case; (2) observed Burnett's demeanor; and (3) identified the features of Burnett's case that take it 'outside the congressional paradigm.' Moreover, Burnett is subject to electronic monitoring and other conditions that minimize the risk that he will flee or pose a danger to the community. On balance, we conclude that the relevant factors weigh in favor of denying a stay."

The government went forward with the appeal. On January 13, 2016, the Court of Appeals, without mention of the Order of October 14, 2015, reversed and remanded the release of defendant, stating in part:

> "Ordinarily, a defendant awaiting trial in federal court should be released pending trial, but that rule is modified for certain particularly dangerous defendants."

The Court of Appeals then went on to discuss the textual requirements of 18 U.S.C. § 3142(e)(3)(A), as reflected in *United States v. Stone,* 608 F.3d 939 (6th Cir. 2010), and particularly the Court's failure to consider the presumption favoring detention in making its determination, and remanded the case to the District Court for reconsideration of the order releasing defendant. The Court of Appeals directed the Court to determine whether the defendant had rebutted the presumption set forth in 18 U.S.C. § 3142(e)(3)(A). The Court of Appeals concluded by saying that, if defendant has rebutted the presumption, the District Court should consider the presumption along with other relevant factors when determining whether defendant poses a risk of flight or danger to the community.

The Court has reviewed the record. The Court finds that defendant has rebutted

2

the presumption, and along with other relevant factors, has determined that defendant does not pose a risk of flight or is a danger to the community on release under the conditions previously imposed. Particularly, the Court has considered the presumption, the nature and circumstances of the offense charged, the weight of the evidence against defendant and, more particularly, defendant's criminal history and characteristics, his physical and mental condition, family ties and past conduct, all in recent years. The Court has also considered, while not statutory factors as previously noted, the complexity of the indictment and the time it appears it will take this case to come to trial. In the Court's view, pretrial release always requires assessment of risk, and the government has not shown by clear and convincing evidence that defendant on release under the circumstances here stated is a danger to the community or a flight risk.

          S/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated: February 16, 2015
       Detroit, Michigan